

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Claud Wolf
County Auditor
Howard County
Big Spring, Texas

Dear Sir:

Opinion No. O-1782
Re: Pay of jurors -- Arts.
2118 and 2122, R.C.S.
of Texas.

Your request for an opinion has been received and carefully considered by this department. We quote from your request as follows:

"I need an opinion as to whether it is legal for District Clerk to issue pay to jurors who have been impanelled on a specific case for days these jurors did not serve when case was postponed for a few days due to death in family of attorney.

"Facts in specific case are these:

"Civil case was called Monday morning and jury was impanelled. Late Tuesday evening attorney received message of death in family and Court adjourned case until Thursday morning for purpose of seeing what was to be done. Thursday when jury returned it was decided by agreement that jury should return the following Thursday and case be resumed. This was done and case closed Saturday following.

"The District Clerk issued check to jurors for six days only, viz:- Monday,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Claud Wolf, Page 2

Tuesday, Thursday - Thursday (following week), Friday and Saturday.

"QUESTION:- Are the jurors entitled to pay for the intervening days they were not in attendance on Court, though were under instructions not to discuss case etc. Some of the jurors have demanded pay for six additional days.

"District Clerk takes position that the $216.00 extra expense to the County is unwarranted since jury did not even report during the period, though it is admitted the jury was impanelled on a specific case and under restraint not to discuss case in process of trial.

"It is clearly settled that the panel for the week is entitled to pay for the days they are called to serve only, and if Court adjourns the panel for two or three days, they may not be paid for those intervening days. Art. 2118 RCS.

"Haber vs. McClain, 186 S.W. 871, is not a case in point, but is authority on general preposition along with the article of the statute for the Clerk's position. In the Haber case, the District Clerk refused to issue pay to juror on panel where panel was excused one day and returned the next, for the day juror did not serve and the Court upheld the Clerk."

Article 2118, Revised Civil Statutes of Texas, reads as follows:

"On Monday of each week of the court for which a jury shall be summoned, and for which there may be jury trials, or where the jury trials for the week have been set for some other day, then on such day the court shall select thirty qualified jurors, or a greater or less number, in its discretion, to serve as jurors for the week. If such selection is not from any cause then made, it may be made on any later day. Such jurors shall be selected from the names included in the jury

Honorable Claud Wolf, Page 3

list for the week, if there be the requisite number of such in attendance who are not excused by the court; if such number be not in attendance at any time, the court shall direct the sheriff to summon a sufficient number of qualified men to make up the requisite number of jurors. The court may adjourn the whole number of jurors for the week or any part thereof, to any subsequent day of the term, but the jurors shall not be paid for the time they may stand adjourned."

Article 2122, Revised Civil Statutes of Texas, reads as follows:

" "Each juror in the district or county court or county court at law shall receive three dollars for each day or fraction of a day that he may attend as such juror, to be paid out of the jury fund of the county by the county treasurer upon the certificate of the clerk of the court in which such service is rendered, stating the service, when and by whom rendered, and the amount due therefor. Such certificates may be transferred by delivery and shall be receivable at par from the holder for all county taxes."

The case of Haber vs. McClain, 186 S. W. 871, cited by you in your letter, while not decisive of this question, we think tends to support the position of the District Clerk in this matter. The opinion of the court is short and reads as follows:

"JENKINS, J. The relator, a citizen of McLennan county, and a resident of the city of Waco, the county seat of said county, was legally summoned to serve as a juror in the district court of said county for the week beginning Monday, January 10, 1916. In obedience to said summons he appeared on said day and was sworn and impaneled as a juror for said week, and was thereupon excused from further attendance on said court until Wednesday, January 12th, at which time

Honorable Claud Wolf, Page 4

he appeared and was in attendance on said court for the remainder of the week. He was not required to attend on Tuesday, and was not physically present in said court on said day. The clerk of said court, the respondent herein, issued to relator a certificate for his attendance for the week, except for Tuesday, for which day he refused to issue such certificate, whereupon the relator filed in said court his petition for a mandamus to compel respondent to issue to him a certificate for his attendance on said day. The court refused to order the writ of mandamus, and rendered judgment that the respondent recover all costs in this behalf expended.

"Article 3832, R. S. 1895, reads as follows:

"'Each juror in civil cases shall receive two dollars for each day and for each fraction of a day he may serve or attend as such juror.'

"As the relator neither served nor attended the court as a juror on January 11th, he is not entitled, under the provisions of this article, to any pay for that day, and there is no provision of law which would allow him such pay. If there could be any doubt as to the correctness of the judgment of the court herein, we think such doubt would be removed by article 5169, R. S. 1911, which reads as follows:

"'The court may adjourn the whole number of jurors for the week, or any part thereof, to any subsequent day of the term, but jurors shall not be paid for the time they may so stand adjourned.'

"In the instant case it appears that the court on Monday adjourned a part of the jury (the relator herein) to a subsequent day of the term, to wit, Wednesday, and that such

part of the jury stood adjourned for Tuesday, and was therefore not entitled to any pay for that day. For the reasons stated, the judgment of the court is affirmed."

Article 2122, Revised Civil Statutes of Texas, supra, provides that each juror in the district or county court or county court at law shall receive three dollars ($3.00) for each day or fraction of a day that he may attend as such juror, etc. Under the facts in your matter the jurors were not in attendance on the court for the additional six days. They were permitted by the court to go back to their usual occupations for six days. Their only responsibility was to return to court on the date set by the court and to not discuss the case.

You are respectfully advised that it is the opinion of this department that the District Clerk's position is correct and your question is therefore answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:rs

APPROVED FEB 12, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN